Dear Chief Lucas:
This office is in receipt of your opinion inquiry regarding whether the Town Council or Mayor of Mansura can deny your request to relocate the Mansura Police Department to another building located in the Town of Mansura. It is noted that the Town of Mansura is a Lawrason Act town and you are the town's elected Chief of Police. You have informed us that the current building in which the police department is operating is in need of repairs due to hurricane damage, and you would like to relocate the police department to a vacant building owned by the Town of Mansura. For the answer to your request, we turn to La. R.S. 33:404 and past Attorney General Opinions relating to similar issues concerning supervisory authority of a Mayor over an elected Chief of Police.
In La. Atty. Gen. Op. No. 02-39, this office cited La. R.S. 33:404
which states, "(T)he Mayor in a Lawrason Act community shall supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police." In concurrence with this statute and the case of Cogswell v. Town of Logansport, 321 So.2d 774 (La.App. 1975), this office has repeatedly observed that the chief of police has inherent power or authority to supervise and direct the administration and day to day operations of the police department and assign personnel and equipment, and the mayor may not revoke the inherent powers of an elected chief of police. However, in La. Atty. Gen. Op. No. 94-536, we stated, "(A) municipality should provide sufficient office space for the efficient operation of the police department, but find no statutory mandate that such space must be provided."
Therefore, it is the opinion of this office that the Town Council and the Mayor of Mansura can deny your request to move into the vacant building. This opinion is not reached because the Council and Mayor have authority to interfere with the inherent power of the elected Chief of Police to direct and supervise the police department, but reached because the Town of Mansura owns the building in question. It should further be noted that it is also our opinion that the Council and the Mayor should work together with the Chief of Police to accommodate the police department in providing another building for it to operate so as to promote good government relations between the municipal agencies, however we also have not found any statutory mandate that would require the Town of Mansura to lend, lease, or sell its vacant building to the Mansura Police Department.
We hope that this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ___________________ CHARLES H. BRAUD, JR., Assistant Attorney General
 CCF, Jr./CHB, Jr./jd